**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KEYMARKET OF OHIO, LLC,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 2:08-CV-325** |
| **v.** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **TERRY D. KELLER,** *et al.,* | : | **Magistrate Judge Abel** |
| | : | |
| **Defendants.** | : | |

## OPINION AND ORDER

## I.  INTRODUCTION

This matter comes before the Court on Defendant Jefferson County, Ohio's ("Jefferson County") Motion for Judgment on the Pleadings (Dkt. 17), and Defendant Terry D. Keller's ("Keller") Motion for Judgment on the Pleadings (Dkt. 23). For the reasons set forth below, this Court **GRANTS** Defendant Jefferson County's Motion and **GRANTS** Defendant Keller's Motion.

## II.  BACKGROUND

### A. FACTUAL BACKGROUND

This action arises out of a sale of real estate in Jefferson County, Ohio.  Plaintiff Keymarket of Ohio, LLC ("Keymarket"), a limited liability corporation with its principal place of business in Pittsburgh, Pennsylvania, operates television and radio stations in Jefferson County, Ohio.  Jefferson County is a political subdivision of the State of Ohio.  Keller is an employee of the Jefferson County Recorder.

On March 21, 2000, Keymarket purchased real estate parcel number 53-0006-000 ("Parcel")  located in Jefferson County, Ohio.  Keymarket recorded the deed on June 2, 2000, listing a tax mailing address of P.O. Box 270, Brownsville, PA 15416.  The post office box listed as the tax mailing address was closed in May of 2000 by Keymarket, who requested that the Post Office forward all mail to 123 Blaine Road, Brownsville, PA.

Keymarket made a single tax payment in 2001.  The property taxes for 2001 were not paid in full, and the property was certified as delinquent in 2002.

On September 22, 2005, the Jefferson County Treasurer filed a complaint seeking to foreclose on a number of properties, including the Parcel, for delinquent taxes.  On the same date, notice was sent by ordinary and certified mail to Keymarket at P.O. Box 270, Brownsville, PA 15413.  Both the certified and ordinary mail were returned to the clerk of the courts, marked by the United States Post Office as "Not Deliverable as Addressed - Unable to Forward - Return to Sender."

After service by mail failed, notice by publication occurred on three separate dates: October 7, 2005; October 14, 2005; and October 21, 2005,  in compliance with Ohio Rev. Code § 5721.18(B).   After receiving no response from Keymarket, the Jefferson County Treasurer filed a motion for default judgment.   On January 25, 2006, the Jefferson County Court of Common Pleas granted the motion and issued a Judgment and Order of Sale.  Notice of the sale was then published on three separate dates: February 3, 2006; February 10, 2006; and February 17, 2006, in compliance with  Ohio Rev. Code § 5721.19.

On February 24, 2006, the Jefferson County Sheriff conducted a Sheriff's Sale of the Parcel.  At that sale, Keller purchased the property.  On April 28, 2006, the Jefferson County

Court of Common Pleas issued an Order Authorizing Sale, Authorizing Issuance of Deeds, and Distributing Proceeds of Sale. After Keller paid the bid price to the Jefferson County Treasurer, the appropriate deed to the Parcel was prepared and filed.

## B. PROCEDURAL BACKGROUND

### 1. State Court Proceedings

On July 19, 2006, Keymarket filed a Motion for Relief from the Judgment and Order of Sale in the Jefferson County Court of Common Pleas, asserting a denial of due process because of inadequate service. On August 29, 2006, the Jefferson County Court of Common Pleas denied Keymarket's motion, finding that Jefferson County had complied with the procedures set forth in the Ohio Revised Code and the Ohio Rules of Civil Procedure.

Keymarket subsequently appealed to the Seventh District Ohio Court of Appeals, arguing that its procedural due process rights were violated because Jefferson County failed to provide adequate notice of the proposed sale. On March 17, 2008, the Ohio Court of Appeals affirmed the decision of the trial court, holding that the Jefferson County Treasurer complied with the statutory procedures regarding notice set forth under Ohio law. The Ohio Court of Appeals further held that "notice was reasonably calculated, under all the circumstances, to apprise Keymarket of the foreclosure action, and that the trial court did not abuse its discretion in denying Keymarket's motion for relief from judgment." (Def. Keller Mot. Ex. 5 ¶ 45.)

On March 25, 2008, Keymarket appealed to the Ohio Supreme Court. On April 15, 2008, Keymarket moved voluntarily to withdraw its appeal to the Ohio Supreme Court and the Ohio Supreme Court granted dismissal. On April 30, 2008, Keymarket re-filed its appeal with the Ohio Supreme Court. In a journal entry filed August 6, 2008, the Ohio Supreme Court

declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question.

On March 27, 2008, Keymarket filed a motion for reconsideration in the Seventh District Ohio Court of Appeals, arguing that the delinquent tax notices sent by Jefferson County were sent to the 15413 zip code, rather than the 15416 zip code, as found in Keymarket's tax mailing address. On June 27, 2008, the Ohio Court of Appeals issued a journal entry denying Keymarket's motion for reconsideration, noting that Keymarket had waived this issue by not raising it previously at the trial or appellate levels. The court stated that Keymarket had rendered service unattainable by failing to list the correct zip code of 15417, corresponding to Brownsville, Pennsylvania, in its tax bill mailing address. Further, the Court of Appeals reiterated that the Jefferson County Treasurer had achieved proper notice by publication.

On August 8, 2008, Keymarket filed a motion for reconsideration in the Ohio Supreme Court. In a Reconsideration Entry dated October 1, 2008, the Ohio Supreme Court denied the motion.

## 2. Federal Court Proceedings

On April 9, 2009, Keymarket initiated the instant lawsuit pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment, asserting a violation of its substantive due process rights. After filing their answers, Jefferson County and Keller each filed a Motion for Judgment on the Pleadings, pursuant to Federal Rule of Civil Procedure 12(c), arguing that substantive due process does not apply to property rights and that Keymarket's claim is barred by res judicata.

### III. STANDARD OF REVIEW

A motion for judgment on the pleadings may be made "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) attacks the sufficiency of the pleadings and is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 511-12 (6th Cir. 2001). In ruling upon such motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party. *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973). Thus, this Court must construe the Complaint in the light most favorable to Plaintiff, accept all of the Complaint's factual allegations as true, and determine whether the Plaintiffs undoubtedly can prove no set of facts in support of their claims that would entitle them to relief. *Ziegler*, 249 F.3d at 512. Plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...(f)actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Rule 12(c) motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. *Paskyan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

### IV. LAW & ANALYSIS

### A. RES JUDICATA

Both Jefferson County and Keller argue that Keymarket's substantive due process claim under 42 U.S.C. § 1983 is barred under the doctrine of res judicata. Jefferson County and Keller contend that Keymarket had sufficient opportunity to litigate any claims brought in this current

action during the proceedings in the Ohio state courts.  Keymarket argues that its claim under 42

U.S.C. § 1983 is not precluded by the previous state court action, that the parties involved in the

instant case are different than those involved in the state court action, and that there was no way

for Keymarket to raise its current claim in state court because the alleged wrong had not fully

occurred at that time.

The doctrine of res judicata "[i]n its general sense... refers to the preclusive effects of

former proceedings." *Dodrill v. Ludt*, 764 F.2d 442, 443 (6th Cir. 1985).  Res judicata

encompasses both claim and issue preclusion. *Id*.   "Claim preclusion refers to the effect of a

judgment in foreclosing litigation of a matter that never has been litigated, because of a

determination that it should have been advanced in an earlier suit." *Migra v. Warren City Sch.

Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984).  Issue preclusion, or collateral estoppel, refers to

the effect of a judgment barring relitigation of a matter that has previously been litigated and

decided.  *Id*.  As both Jefferson County and Keller in this case argue that Keymarket should have

raised its substantive due process claim during the prior litigation in the Ohio state courts, this

Court will use the term claim preclusion.

In determining whether to give preclusive effect to the prior Ohio state court

determinations in this case, this Court must look to Ohio law.  28 U.S.C.S. § 1738; *Knott v.

Sullivan*, 418 F.3d 561, 567 (6th Cir. 2005); *In Re Fordu*, 201 F.3d 693, 703 (6th Cir. 1999).

Under Ohio law, "an existing final judgment or decree between the parties to litigation is

conclusive as to all claims which were *or might have been* litigated in a first lawsuit. " (emphasis

*sic*) *Grava v. Parkman Township*, 653 N.E.2d 22, 229 (Ohio 1995)(quoting *Rogers v. Whitehall*,

25 Ohio St.3d 67, 69 (1986)).  Thus, a plaintiff is required "to present every ground for relief in

the first action, or be forever barred from asserting it." *Id.* Additionally, it is settled law that §

1983 "does not override state preclusion law and guarantee petitioner a right to proceed to

judgment in state court on her state claims and then turn to federal court for adjudication of her

federal claims." *Migra*, 465 U.S. at 85.

Under Ohio law, claim preclusion has four elements: "(1) that the instant action involves

the same two parties; (2) that the instant action arose out of the same transaction or occurrence

that was the subject of earlier actions; (3) that the instant action could have been asserted in at

least one of those previous actions; and (4) that there was a final decision on the prior action by a

court of competent jurisdiction." *Apseloff v. Family Dollar Stores, Inc.*, 2006 WL 1881283 (S.D.

Ohio 2006) (citing *Davis v. Sun Oil Co.*, 148 F.3d 606, 611 (6th Cir. 1999) (per curiam)); *In Re

Fordu*, 201 F.3d 693, 703-704 (6th Cir. 1999); *Hapgood v. City of Warren*, 127 F.3d 490, 493

(6th Cir. 1997).

### 1. Involvement of the Same Parties

Keymarket asserts that there are different parties involved in its current § 1983 suit.

Defendants Jefferson County and Keller argue that they were also parties to the judicial

proceeding in the Ohio state courts. In Ohio, "in order for the principle of res judicata to be

applicable, the parties to the subsequent action must be identical to those of the former action or

be in privity with them." *Johnson's Island, Inc. v. Bd. of Tp. Trs. of Danbury Tp.*, 431 N.E. 2d

672, 674-75 (Ohio 1982). It is clear to this Court, based on the opinions issued by the Seventh

District Ohio Court of Appeals, that Keymarket, Jefferson County, and Keller were each parties

to the previous state court action: Keymarket as Petitioner-Appellant; Jefferson County as

Plaintiff-Appellee; and Keller as Intervenor-Appellee.

## 2. Same Transaction or Occurrence

Keymarket argues that its current § 1983 claim did not "arise out of the previously litigated action." (Pl. Resp. ¶ 15). Jefferson County and Keller assert that the claim set forth by Keymarket arises out of the same transaction that was at issue in the previous state court litigation.

The Ohio Supreme Court has defined transaction "as a 'common nucleus of operative facts.'" *Grava*, 653 N.E.2d at 229. The relevant inquiry for this Court is not whether Keymarket's current § 1983 claim arose out of the litigation in the Ohio state courts. Instead, this Court must determine whether the current Keymarket § 1983 suit shares a common nucleus of operative facts with the previous litigation.

Here, Keymarket's "claim is for causing the Sheriff's sale to occur in a manner that took advantage of an intentional intra courthouse conspiracy to injure Keymarket." (Pl. Resp. ¶ 14). At issue then is the Sherrif's sale of the Parcel and the manner in which it was conducted. The facts regarding the Sherrif's sale of the Parcel were the basis of the Ohio state court litigation. Keymarket's current suit "is based on a claim arising from a nucleus of facts that was the same subject matter of [its] first [suit]" and "the only difference between the two applications is the theory of substantive law" under which Keymarket seeks relief. *Grava*, 653 N.E.2d at 229-30. Thus, Keymarket's § 1983 claim shares a common nucleus of operative facts with the litigation in the Ohio state courts.

## 3. Claims that Could Have Been Litigated in the First Action

Keymarket asserts that "there was no way to raise this [§ 1983] claim earlier for the reason that the wrong had not fully occurred at that juncture." (Pl. Resp. ¶ 15.) Jefferson County

and Keller argue that Keymarket's initiation of state court litigation to vacate the judgment and sale of the Parcel on July 19, 2006 occurred after the February 24, 2006 sale of land to Keller.

"Under Ohio res judicata doctrine, the question is not what claims Plaintiffs opted to include ... but what claims they could have included." *Trafalgar Corp. v. Miami County Bd. of County Comm'Rs*, 2006 U.S. Dist. LEXIS 14574, 25-26 (D. Ohio 2006).   The relevant inquiry for this Court is whether Keymarket could have asserted its substantive due process claim in the previous state court litigation.

Keymarket could have raised its substantive due process claim in the Ohio state courts. Keymarket contends that the basis of its substantive due process claim is a deficient Sheriff's sale and an intentional intra courthouse conspiracy.  According to Keymarket, Jefferson City and Keller conspired to suppress information concerning Keymarket's address.  It was precisely the sufficiency of service and notice by publication which the Ohio state courts previously ruled upon.   Keymarket does not assert any additional facts which have occurred since the state court judgment that relate to its § 1983 claim. The issue of substantive due process and money damages was not litigated in state court, but it clearly could have been, as state courts in Ohio adjudicate both substantive due process and § 1983 claims. *Geauga County Treasurer v. Pauer*, 1993 Ohio App. LEXIS 5414 (Ohio Ct. App., Geauga County Nov. 12, 1993) (considering whether substantive due process rights were violated where a landowner alleged non compliance with § 5721.18 Ohio Rev. Code in a foreclosure action).  Keymarket can not now use a § 1983 suit to review or upset the state court findings regarding compliance with Ohio's statutory and civil procedure rules.

#### 4. Prior Final, Valid Decision on the Merits

As noted, the Ohio state courts at the trial and appellate levels found that Jefferson County had complied with the procedures set forth in the Ohio Revised Code and the Ohio Rules of Civil Procedure, and refused to vacate the sale of the Parcel. Thus, there was a final decision in the prior matter by courts of competent jurisdiction.

Keymarket is therefore precluded from bringing this current action under § 1983 for substantive due process violations in federal court.

### B. SUBSTANTIVE DUE PROCESS CLAIM

Keymarket alleges that it has been deprived of substantive due process by the actions of Jefferson County and Keller. Jefferson County and Keller contend that Keymarket's complaint does not touch on any of the areas that the United States Supreme Court has determined deserve the protection of substantive due process. Additionally, Jefferson County and Keller argue that property is an individual right created by state law and is protected by procedural, rather than substantive, due process. As Keymarket's substantive due process claim is barred under the doctrine of claim preclusion, as described above, this Court will not reach a determination regarding any alleged deprivation of substantive due process.[1]

---

[1]Keller also asserts that her purchase of the Parcel at the Sheriff's Sale was not state action rendering her liable under § 1983. Since Keymarket's claim is barred by the doctrine of claim preclusion, this Court will not reach this issue.

**V. CONCLUSION**

For the foregoing reasons, this Court **GRANTS** Defendant Jefferson County's Motion for Judgment on the Pleadings and **GRANTS** Defendant Keller's Motion for Judgment on the Pleadings.  This case is hereby DISMISSED.

**IT IS SO ORDERED.**


    **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: September 14, 2009**