IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KEYMARKET OF OHIO, LLC,** : | |
| : | |
| Plaintiff, : | |
| : | Case No. 2:08-CV-325 |
| v. : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| **TERRY D. KELLER,** *et al.*, : | Magistrate Judge Abel |
| : | |
| Defendants. : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff Keymarket of Ohio, LLC's ("Keymarket") Amended Motion for Reconsideration and to Stay and Request for Oral Argument (Doc. 49). For the reasons set forth below this Court **DENIES** Keymarket's Motion for Reconsideration

**II. BACKGROUND**

**A. FACTUAL BACKGROUND**

This action arises out of a sale of real estate in Jefferson County, Ohio. Plaintiff Keymarket of Ohio, LLC ("Keymarket"), a limited liability corporation with its principal place of business in Pittsburgh, Pennsylvania, operates television and radio stations in Jefferson County, Ohio. Jefferson County is a political subdivision of the State of Ohio. Keller is an employee of the Jefferson County Recorder.

On March 21, 2000, Keymarket purchased real estate parcel number 53-0006-000 ("Parcel") located in Jefferson County, Ohio. Keymarket recorded the deed on June 2, 2000,

listing a tax mailing address of P.O. Box 270, Brownsville, PA 15416. The post office box listed as the tax mailing address was closed in May of 2000 by Keymarket, who requested that the Post Office forward all mail to 123 Blaine Road, Brownsville, PA.

Keymarket made a single tax payment in 2001. The property taxes for 2001 were not paid in full, and the property was certified as delinquent in 2002.

On September 22, 2005, the Jefferson County Treasurer filed a complaint seeking to foreclose on a number of properties, including the Parcel, for delinquent taxes. On the same date, notice was sent by ordinary and certified mail to Keymarket at P.O. Box 270, Brownsville, PA 15413. Both the certified and ordinary mail were returned to the clerk of the courts, marked by the United States Post Office as "Not Deliverable as Addressed - Unable to Forward - Return to Sender."

After service by mail failed, notice by publication occurred on three separate dates: October 7, 2005; October 14, 2005; and October 21, 2005, in compliance with Ohio Rev. Code § 5721.18(B). After receiving no response from Keymarket, the Jefferson County Treasurer filed a motion for default judgment. On January 25, 2006, the Jefferson County Court of Common Pleas granted the motion and issued a Judgment and Order of Sale. Notice of the sale was then published on three separate dates: February 3, 2006; February 10, 2006; and February 17, 2006, in compliance with Ohio Rev. Code § 5721.19.

On February 24, 2006, the Jefferson County Sheriff conducted a Sheriff's Sale of the Parcel. At that sale, Keller purchased the property. On April 28, 2006, the Jefferson County Court of Common Pleas issued an Order Authorizing Sale, Authorizing Issuance of Deeds, and Distributing Proceeds of Sale. After Keller paid the bid price to the Jefferson County Treasurer,

the appropriate deed to the Parcel was prepared and filed.

## B. PROCEDURAL BACKGROUND

### 1. State Court Proceedings

On July 19, 2006, Keymarket filed a Motion for Relief from the Judgment and Order of Sale in the Jefferson County Court of Common Pleas, asserting a denial of due process because of inadequate service. On August 29, 2006, the Jefferson County Court of Common Pleas denied Keymarket's motion, finding that Jefferson County had complied with the procedures set forth in the Ohio Revised Code and the Ohio Rules of Civil Procedure.

Keymarket subsequently appealed to the Seventh District Ohio Court of Appeals, arguing that its procedural due process rights were violated because Jefferson County failed to provide adequate notice of the proposed sale. On March 17, 2008, the Ohio Court of Appeals affirmed the decision of the trial court, holding that the Jefferson County Treasurer complied with the statutory procedures regarding notice set forth under Ohio law. The Ohio Court of Appeals further held that "notice was reasonably calculated, under all the circumstances, to apprise Keymarket of the foreclosure action, and that the trial court did not abuse its discretion in denying Keymarket's motion for relief from judgment." (Def. Keller Mot. Ex. 5 ¶ 45.)

On March 25, 2008, Keymarket appealed to the Ohio Supreme Court. On April 15, 2008, Keymarket moved voluntarily to withdraw its appeal to the Ohio Supreme Court and the Ohio Supreme Court granted dismissal. On April 30, 2008, Keymarket re-filed its appeal with the Ohio Supreme Court. In a journal entry filed August 6, 2008, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question.

On March 27, 2008, Keymarket filed a motion for reconsideration in the Seventh District Ohio Court of Appeals, arguing that the delinquent tax notices sent by Jefferson County were sent to the 15413 zip code, rather than the 15416 zip code, as found in Keymarket's tax mailing address. On June 27, 2008, the Ohio Court of Appeals issued a journal entry denying Keymarket's motion for reconsideration, noting that Keymarket had waived this issue by not raising it previously at the trial or appellate levels. The court stated that Keymarket had rendered service unattainable by failing to list the correct zip code of 15417, corresponding to Brownsville, Pennsylvania, in its tax bill mailing address. Further, the Court of Appeals reiterated that the Jefferson County Treasurer had achieved proper notice by publication.

On August 8, 2008, Keymarket filed a motion for reconsideration in the Ohio Supreme Court. In a Reconsideration Entry dated October 1, 2008, the Ohio Supreme Court denied the motion.

## 2. Federal Court Proceedings

On April 9, 2009, Keymarket initiated the instant lawsuit pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment, asserting a violation of its substantive due process rights. After filing their answers, Jefferson County and Keller each filed a Motion for Judgment on the Pleadings, pursuant to Federal Rule of Civil Procedure 12(c), arguing that substantive due process does not apply to property rights and that Keymarket's claim is barred by res judicata. Subsequent to the filing of Jefferson County's and Keller's motions and before an Order on those motions was issued by this Court, Magistrate Judge Abel relaxed the discovery stay in place and allowed for the filing of limited interrogatories upon the Defendants. On September 14, 2009, prior to responses being received on the interrogatories, this Court entered an Order granting

Jefferson County's and Keller's Motions for Judgment on the Pleadings. This Court held that Keymarket's substantive due process claim was barred under the doctrine of claim preclusion.

On September 30, 2009, Keymarket filed an Amended Motion for Reconsideration, arguing that judgment on the pleadings be stayed and that Jefferson County and Keller be required to respond to interrogatories. On November 19, 2009, this Court heard Oral Argument on Keymarket's Amended Motion for Reconsideration. After the hearing, this Court ordered Jefferson County and Keller to respond to the limited interrogatories and required that all parties submit additional briefing.

### III. STANDARD OF REVIEW

The Federal Rules do not expressly provide for "Motions for Reconsideration." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Nevertheless, Federal Rule of Civil Procedure 59(e) permits parties to move the court to alter or amend a judgment after an entry of judgment. Motions for reconsideration serve a limited function. Generally, a motion for reconsideration is only warranted when there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Dualite Sales & Service, Inc. v. Moran Foods, Inc.*, No. 1:04-CV-13, 2005 WL 2372847, at *1 (S.D. Ohio Sept 26, 2005). Motions for reconsideration are not intended to re-litigate issues previously considered by the court or to present evidence that could have been raised earlier. *See J.P. v. Taft*, No. C2-04-692, 2006 U.S. Dist. LEXIS 14595, 2006 WL 689091, at *13 (S.D. Ohio Mar. 15, 2006).

### IV. LAW AND ANALYSIS

Keymarket does not argue that this Court's decision must be reversed because of an

intervening change in controlling law, a clear error of law, or a manifest injustice.  In its Amended Motion, Keymarket argues that the interrogatories focus on issues which were unknown at the time of the state court proceedings and that could not have been litigated under Ohio Rule 60.  Further, Keymarket argues that the responses of Keller to the interrogatories show that Keller took lunch at 10: 00 a.m. on the day of the Sheriff's Sale.  Keymarket asserts, however, that it has been unable to determine whether Keller's bid on the Parcel actually occurred within Keller's lunch hour.[1]  Keymarket submits that if Keller was on public time during the Sheriff's Sale, rather than on her lunch hour, then the sale transaction of the Parcel would be void *ab initio* as against public policy.[2]

Jefferson County and Keller assert that Keymarket's claims are barred by the doctrine of res judicata and that additional discovery is not warranted.  They further argue that the policy of Jefferson County regarding lunch periods imposes no restrictions upon how employees may use such time.[3]  Accordingly, Keller was permitted to use her lunch period to attend and bid at the Sheriff's Sale of the Parcel.

As a preliminary matter this Court notes that Keymarket's reliance on *Wuliger v. Manufacturer's Life Insurance Compay* for the proposition that transactions that  violate public

---

[1]Keymarket appears to argue that "uncertainty and vagueness" in Keller's responses provides "grounds to permit [Keymarket] to take a limited number of depositions of key witnesses to pin point exactly when the Keymarket land was sold and what status Ms. Keller was in when she bid."  (Doc. 60 Pl. Memo in Support of Mot. for Reconsideration p. 2.)

[2]Keymarket asserts that this public policy is set forth by the Ohio Ethics Commission which "prohibits a public official or employee who engages in private outside employment or business activity from:...using public time...in conducting a private pusiness or while in engaging in private outside employment."  Ohio Ethics Opinion 96-004 (1996).

[3]Keller included the Official Policy of Jefferson County in its additional briefing.  (*See* Doc. 62 Keller's Memo in Opposition to Pl. Am. Mot. for Reconsideration Ex. A.)

policy are void ab initio is misplaced. 567 F.3d 787 (6th Cir. 2009) (holdng that under Ohio law, life insurance policies that were fraudulently obtained were not void ab initio, but rather were voidable at insurer's option). *Wuliger* is substantively and factually distinct from this case. In *Wuliger*, the plaintiff, a receiver, sought the equitable remedy of recission in a case involving insurance fraud. *Id*. at 797. The Sixth Circuit explicitly rejected the proposition that the insurance policies were void ab initio and further found that the receiver: (1) was barred from rescinding the policies because of the doctrine of unclean hands; and (2) could not recover premiums under an unjust enrichment theory. *Id*. at 799.

In the Sixth Circuit a motion for reconsideration based on newly discovered evidence must fail where the evidence was previously available through the exercise of due diligence. *Gencorp, Inc. v. Amer. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); see 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure 2808 (3d ed.1998) ("The moving party must have been excusably ignorant of the facts despite using due diligence to learn about them."); *see also Bogart v. Chapell*, 396 F.3d 548, 558 (4th Cir. 2005) (upholding the denial of a Rule 59(e) motion where "the movant presented no legitimate justification for failing to timely submit the evidence and had advance notice of the . . . issues."); *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003) ("[A] 59(e) motion to reconsider should not be granted unless . . . the facts alleged . . . could not have been discovered earlier by proper diligence."); *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992) ("[T]he movant must show either that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence."); *Chery v. Bowman*, 901 F.2d 1053, 1057 n.6 (11th

Cir. 1990) (same).

The newly discovered evidence in this case includes: (1) information obtained as a result of a public records request; and (2) responses to certain interrogatories served upon Jefferson County and Keller. The information obtained from the public records request indicates that Keller was in paid duty status as an employee of Jefferson County on February 24, 2006, which was the day of the Sheriff's Sale of the Parcel. The information obtained from responses to interrogatories indicates that Keller was on her lunch hour when she attended the Sheriff's Sale of the Parcel. That Keymarket may now use the liberal discovery rules available under the federal rules to access some of the above information does not automatically mean the information was previously unavailable. Keymarket could have used a public records request to learn that Keller was a paid Jefferson County employee at *any time* during 2006, 2007, or 2008, during which state court proceedings were occurring in this matter.

Additionally, Ohio Rule 60(b) permits Ohio courts to "relieve a party or his legal representative from a final judgment, order or proceeding" under several different circumstances including, among others, "any...reason justifying relief from the judgment." Ohio Rule of Civil Procedure 60(b). Keymarket could have brought its substantive due process claim before the Ohio state courts. Keymarket could also have moved for discovery in state court, including the opportunity to depose those "key witnesses" that Keymarket now asserts may provide additional information. Keymarket has not articulated any reason that would justify its failure to exercise due diligence in obtaining the information it now seeks. Keymarket has also not articulated how its failure to obtain the above-referenced information prevented it from bringing a substantive due process claim in the numerous Ohio state court proceedings. Indeed, Keymarket appears to

bring a Motion for Reconsideration not because it has newly discovered evidence, but because it wants the opportunity to seek new evidence through depositions and other discovery. Keymarket "can not now use a § 1983 suit to review or upset the state court findings." (Opinion and Order, Doc 45, p. 9.)

## V. CONCLUSION

For the foregoing reasons, this Court **DENIES** Keymarket's Amended Motion for Reconsideration. Keymarket will not be allowed to take depositions in this case. This case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: March 1, 2010**