IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Keymarket of Ohio, LLC, | : | |
| Plaintiff | : | Civil Action 2:08-cv-00325 |
| v. | : | Judge Marbley |
| Terry D. Keller, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## Status Conference Order

March 7, 2013, counsel for the parties participated in a telephone status conference with the Magistrate Judge.

<u>Nature of lawsuit</u>. The complaint alleges that in September 2005 the Jefferson County Treasurer filed a foreclosure action against property owned by Keymarket to satisfy tax delinquencies.  Although plaintiff maintains that Ohio law requires that notice of suit be sent to the delinquent taxpayer at its tax bill mailing address, it was not.  Service was returned, marked "Not Deliverable as Addressed – Unable to Forward – Return to Sender."  After not finding a listing for Keymarket in a telephone book, service was made by publication. After service by publication was complete, the common pleas court ordered foreclosure.  The property was sold February 24, 2006 to defendant Terry D. Keller, an employee of the Jefferson County Recorder  for $1,264.07.  Keymarket filed a motion in the Jefferson County Common Pleas Court to vacate the sale because it was not given notice of the suit. That motion was denied on the ground that service was effective, and Keymarket filed a notice of appeal. The Ohio Court of Appeals affirmed the trial

Court's judgment. A claim is pleaded here for denial of substantive due process of law. Keymarket argues that service was deficient and that persons in the Recorder's Office conspired with Keller so that she could purchase the property at the sheriff's sale.

<u>Procedural history</u>. This Court granted defendants' motion for judgment on the pleadings on the ground that the Ohio Court of Appeals' decision that the Jefferson County Treasurer properly served Keymarket and that Keymarket's due process claim was barred because it could have been raised in the Ohio courts. However, on the United States Court of Appeals for the Sixth Circuit reversed, holding that Keymarket could not have raised its claim under 42 U.S.C. § 1983 at the motion to vacate judgment stage of the state court proceedings.

<u>Discovery</u>. Little discovery has been taken. On January 30, 2009, discovery was stayed. (Doc. 36.) Some written discovery was completed. No depositions were taken.

<u>Scheduling order</u>. Defendants will send a draft scheduling order to plaintiff's counsel on or before **March 15, 2013.** Plaintiff's counsel will respond by **March 22.** Counsel will submit a proposed joint proposed scheduling order to me (Abel_Chambers@ohsd.uscourts.gov) on or before **March 29, 2013.**

<u>s/Mark R. Abel</u>
United States Magistrate Judge

2